UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven M. Fox, a/k/a "Steam" | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) ) |
| United States of America, | ) ) ) |
| Respondent. | ) ) ) |

Criminal No.: 2:15-0799-6-RMG

**ORDER**

Before the Court is the Government's motion to dismiss Steven Fox's *pro se* petition to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 671.) Fox filed no response in opposition to the motion despite the Court's *Roseboro* order. (Dkt. No. 674.) Fox's plea and sentencing counsel filed an affidavit in response to Fox's claims relating to ineffective assistance of counsel. (Dkt. No. 667.) For the reasons set forth below, the Government's motion (Dkt. No. 671) to dismiss is granted. Fox's § 2255 petition (Dkt. No. 648) is denied.

**I.     Background**

In October 2016, Fox was indicted for one count of Conspiracy to Advertise Child Pornography in violation of 18 U.S.C. §§ 2251(d), (e); one count of Conspiracy to Produce Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e); and one count of Conspiracy to Receive and Distribute Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1). (Dkt. No. 56.) In November 2016, the U.S. Magistrate Judge appointed attorney Thaddeus Doughty to represent Fox pursuant to the Criminal Justice Act. (Dkt. No. 197.) In September 2017, the Court conducted a change of plea hearing at which Fox entered a plea of guilty to the second and third

counts pursuant to a plea agreement with the Government. (Dkt. Nos. 342, 343; *see also transcript of plea colloquy at* Dkt. No. 459.)

In March 2018, the Court granted Fox's motion, which was brought through Mr. Doughty, for a psychiatric evaluation of Fox on the issues of present competency and sanity at the time of the offense. (Dkt. No. 434.) In April 2018, the Court received a *pro se* letter from Fox stating, "I do not feel that I need another evaluation." The Court determined in its discretion to proceed with the evaluation pursuant to its prior order. (Dkt. No. 439.) In August 2018, the Court received the psychiatric examiner's evaluation, which concluded that Fox was both presently competent and sane at the time of the offense. (Dkt. Nos. 496, 496-1.)

That month, Fox and the Government each filed sentencing memoranda addressing the U.S. Probation Officer's Presentence Investigation Report ("PSR"), which recommended the Court sentence Fox to a term of 600 months' imprisonment. (Dkt. Nos. 497, 499, 532-2 at 2.)[1] Through Mr. Doughty, Fox argued that a "47 year or 60 year sentence would be extreme given the factors previously mentioned in this motion" and requested "a minimum sentence of Fifteen (15) years." (Dkt. No. 499 at 7). On August 30, 2018, the Court conducted a sentencing hearing and sentenced Fox to a total term of imprisonment of 360 months (30 years), consisting of 360 months as to Count Two and 240 months as to Count Three, to run concurrently. Fox was also ordered to pay restitution in the amount of $113,715 plus the mandatory special assessment fee and to adhere to conditions of supervised release. (Dkt. Nos. 549, 569; *see also transcript of sentencing colloquy at* Dkt. No. 600.)

Fox appealed his conviction to the Court of Appeals for the Fourth Circuit. The Government moved to dismiss the appeal as barred by the waiver of the right to appeal in Fox's

---

[1] Fox withdrew his objections to the PSR at the sentencing hearing. (Dkt. No. 600 at 5.)

plea agreement. In February 2020, the Fourth Circuit granted the Government's motion to dismiss Fox's appeal, holding that "Fox does not dispute that he knowingly and voluntarily waived his right to appeal or that the issue he seeks to raise on appeal falls squarely within the scope of his waiver." (Dkt. No. 616.)  The Fourth Circuit's order took effect when the formal mandate was issued on March 18, 2020. (Dkt. No. 617.)

## II.     Legal Standard

An incarcerated person in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255.  In order to move the Court to vacate, set aside, or correct the sentence, the petitioner must demonstrate that (1) the sentence was imposed in violation of the Constitution or federal laws; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum time allowed by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

## III.    Discussion

### A.     Timeliness

Fox states, "Due to the COVID-19 pandemic and the prison lockdown because of COVID-19, this motion is a couple of months past due." (Dkt. No. 648 at 11.)  But, as the Government notes, Fox's petition is not past due.  A § 2255 petition must be brought within a one-year period that runs from "the latest of" four possible events including, as applicable here, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f).  Fox's judgment of conviction became final when his opportunity to appeal to the U.S. Supreme Court ran, which was ninety days after the Fourth Circuit's formal mandate was issued.  Ninety days after March 18, 2020 is June 16, 2020.  Fox put his petition in the prison mail on March 8, 2021

3

(Dkt. No. 648 at 12) and it was received by the Clerk on March 29, 2020 (Dkt. No. 648-1 at 1). The petition is therefore timely.

**B.     Waiver of § 2255**

As an initial matter, the Court notes that Fox waived his right to bring this § 2255 petition. Fox's plea agreement with the Government provides:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, [Defendant] waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence.

(Dkt. No. 331 ¶ 13.) At Fox's change of plea hearing, he affirmed that he had reviewed the written plea agreement and, after extensive colloquy with Fox, the Court made a finding that the plea of guilty was knowing and voluntary. (Dkt. No. 459 at 3, 34.) And as the Fourth Circuit has set forth, "we hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.2d 216, 220 (4th Cir. 2005). There is, therefore, no reasonable basis to find that Fox's waiver of his right to collaterally attack the sentence should not be upheld. In light of the Government's arguments in its motion to dismiss, the Court addresses the merits of Fox's grounds for relief in turn.

**C.     Ground One**

> Ground One: Procedural Error at Sentencing.  United States Sentencing Guidelines considers 43 points a life sentence. Here, the defendant has 43 points and was sentenced to 360 months on Count One and 240 months on Count Two to run concurrent with each other. This 30 year sentence is considered a life sentence by the U.S.S.G. Courts are more likely to find plain error if the error affected the defendant's constitutional rights. Courts frequently find plain error in situations that involve an error at sentencing. The Court clearly erred by not

4

> addressing arguments made for a lower sentence. Therefore, the defendant's sentence is illegal.

(Dkt. No. 648 at 4.)

Fox's counsel made arguments for a lower sentence both prior to sentencing, in his sentencing memorandum, and at the sentencing hearing. In his sentencing memorandum, Fox argued, through counsel, that a fifteen-year term of imprisonment ws appropriate in light of his history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, promoting respect for the law and just punishment, providing adequate deterrence and public protection, and avoiding sentencing disparities. (Dkt. No. 499.) At sentencing, Fox again argued, through counsel, that his criminal history, admission of guilt, and other defendants' sentences warranted a below-Guideline sentence. Fox then addressed the Court directly. (Dkt. No. 600 at 5-11.) Contrary to his assertion in Ground One, the Court considered and addressed the arguments made for a lower sentence in both the sentencing memorandum and at sentencing. In light of Fox having no objection to the PSR, the Court adopted it as the findings of fact. When Fox requested to return to a facility in Lexington, Kentucky, the Court responded to him in colloquy, "I will recommend it, Mr. Fox" and then did recommend Fox for FCI Lexington. As the Court stated when setting forth the sentence and its reasoning, it carefully considered the advisory sentencing guidelines and all relevant § 3553 factors, which the Court discussed individually and at length. (Dkt. No. 600 at 5-11, 17-, 21-23.)

**D.     Ground Two**

> Ground Two: Illegal Guilty Plea. The Government erred in barring the defendant the right to appeal his sentence. When a defendant pleads guilty, he can appeal on two grounds 1) an illegal sentence 2) ineffective assistance of counsel. The defendant cannot waive these two protected constitutional rights, nor can the government implement any type of plea, force or coercion to have a defendant waive these rights. The defendant retains his right to challenge an illegal sentence, and it cannot be waived. The defendant also retains the right to

>challenge his defense attorney's effectiveness throughout every proceeding in a criminal case. These two rights can never be infringed upon.

(Dkt. No. 648 at 5.)

As noted, Fox's plea agreement with the Government provides that the waiver of collateral attack "does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence." (Dkt. No. 331 ¶ 13.) At his change of plea hearing, the Court engaged Fox in colloquy. Fox stated under oath that he was "satisfied with Mr. Doughty's representation," was pleading guilty of his own free will because he was guilty, and that he understood Paragraph 13 of the Plea Agreement, which was read into the record verbatim by the prosecutor and then further explained by the Court. (Dkt. No. 459 at 5, 14, 23-24.)[2] At sentencing, the Court again informed Fox of his appeal rights pursuant to his plea agreement.[3] The Court again discussed that the plea agreement contained a "partial waiver of appeal rights" under which he "waived appeal rights for the defendant for all matters except ineffective assistance of counsel, prosecutorial misconduct, and change in the law that affects the lawfulness of the sentence[.]" (Dkt. No. 600 at 22.) Fox seems to now contend that his sentence is illegal because it was imposed subsequent to a guilty plea that he entered

---

[2] The Court:   "Let me just stop you for a second there, Mr. Secor. Mr. Fox, I want to - - this is an important paragraph, and I want to make sure you understand. A defendant normally even after pleading guilty is entitled to an appeal, either on the guilty plea or the sentence. You have agreed in this settle - - in this plea agreement that with certain exceptions, you're giving up those appeal rights. The issues you're preserving for appeal are matters relating to ineffective assistance of counsel, prosecutorial misconduct or future changes in the law that affect your sentence. Other than that, you are waiving all of your appeal rights. Do you understand that, sir?"
Defendant:    "Yes, sir." (Dkt. No. 459 at 23-34.)

[3] The Court:   "You can appeal your conviction, if you believe your guilty plea was somehow unlawful or involuntary, or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have the right to appeal your sentence under certain circumstances, again, if not waived by your guilty plea." (Dkt. No. 600 at 23-24.)

6

pursuant to a plea agreement with the Government, in which he agreed to a limited waiver of appeal rights. That argument has no merit. Contrary to his assertion, Fox did not waive his right to appeal on the basis of ineffective assistance of counsel. As to the basis that he did waive, the Court can find no reason to ignore them now. *See, e.g.*, *United States v. Cohen*, 888 F.2d 667, 683 (4th Cir. 2018) ("For example, we have recognized that an appeal waiver does not preclude at least three types of claims: (1) challenges that a sentence exceeds the statutory maximum r is based upon a constitutionally inform factor such as race; (2) appeals from the denial of a motion to withdraw guilty pleas due to ineffective assistance of counsel; and (3) a contention that proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel.").

**E.    Ground Three**

> Ground Three: Mental Competency. If a court suspects any type of mental illness at any stage of a criminal proceeding, all proceedings must be postponed and the defendant must be evaluated. The court must order a mental competency evaluation. A hearing on the mental must be heard by the court and the treating physician must testify to his report in open court. In this case, the defendant entered into a plea agreement with the government then sentenced [sic] before a mental examination could see if he was able to understand the charge(s) and proceedings against him. The failure of a court to provide an adequate competency determination is a violation of the defendant's due process rights. A mental exam should of [sic] been performed before any plea agreement, sentence, etc.

(Dkt. No. 648 at 7.)

Fox moved the Court for a psychiatric evaluation, which the Court granted. The evaluator interviewed Fox and determined that he was presently competent and sane at the time of the offense. This evaluation was conducted despite Fox stating it was not necessary. Had Fox wished to seek to withdraw his guilty plea on the basis of the evaluation's findings, he could have done so. Contrary to his assertion that he was sentenced before an evaluation could be

conducted, the evaluation was completed prior to sentencing, the hearing on which his counsel discussed the evaluation at length. (Dkt. No. 600 at 6-7, 12-13.)

F.    **Ground Four**

> Ground Four: Cooperation with Authorities. The defendant proffered with the government and he was refused a 5K1.1 departure, and he cooperated with law enforcement authorities and prosecutors. Courts have ruled that downward departures are permissible despite lack of 5K1.1 motion for substantial non-prosecutorial assistance to the government. A failure to consider the defendant's cooperation is a significant procedural error. Circuits have held that 5K1.1 is not limited to assistance in the investigation or prosecution of another person, and therefore does not bar departures for other forms of assistance.

(Dkt. No. 648 at 8.)

U.S.S.G. § 5K1.1 gives the Court discretion to depart from the U.S. Sentencing Guidelines upon a motion from the Government, providing: "[u]pon motion of the Government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Under Fox's plea agreement, the Government agreed to move for a downward departure "[p]rovided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person . . . . Any such motion is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea." (Dkt. No. 331 ¶ 9.) This term in the plea agreement tracks the law that a motion from the Government is required. *See, e.g.*, *Wade v. United States*, 504 U.S. 181, 185 (1992) ("Wade's position is consistent with the view, which we think is clearly correct, that in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted."). Fox, therefore, cannot demonstrate to the applicable standard under *Strickland* that Mr. Doughty provided ineffective assistance by failing

8

to argue for a § 5K1.1 downward departure in the absence of a motion from the Government. To demonstrate violation of the Sixth Amendment right to effective assistance of counsel, Fox must prove (1) that [his] counsel's performance was deficient" and (2) that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's representation must fall "below an objective standard of reasonableness," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To the extent Fox argues that the Court erred by not entertaining a downward departure pursuant to § 5K1.1 in the absence of a motion from the Government, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive . . . say, because of the defendant's race or religion." *Wade*, 504 U.S. at 185. Fox makes no such argument here and the Court can find no reasonable basis to make that finding on review of the record.

Having carefully considered each ground for relief raised in Fox's petition, and in light of the fact that he waived the right to bring this collateral attack on his sentence, the Court grants the Government's motion to dismiss Fox's § 2255 petition.

### IV.     Certificate of Appealability

28 U.S.C. § 2253 provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336

9

(2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Fox waived his right to bring this § 2255 petition pursuant to his plea agreement and that each ground for relief is without merit in light of the record and governing law. Therefore, a certificate of appealability is denied.

**V.     Conclusion**

For the foregoing reasons, Steven Fox's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 648) is **DENIED**. The Government's motion to dismiss Fox's petition (Dkt. No. 671) is **GRANTED**. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 21, 2021
Charleston, South Carolina